UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN CARLOS ALVAREZ (A-Number: 087-039-374),

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*,

Respondents.

Case No.  1:26-cv-3814-DJC-JDP

FINDINGS AND RECOMMENDATIONS

Petitioner Juan Carlos Alvarez, a citizen of Mexico, is a legal permanent resident who was detained by ICE following the service of a prison sentence.  He has been in immigration custody for almost two months.  Petitioner, proceeding through counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his detention without a bond hearing violates the Fifth Amendment.  ECF No. 1.  For the following reasons, I recommend that the petition be denied.

**Background**

Petitioner is a citizen of Mexico who became a lawful permanent resident in September 2010.  ECF No. 9-1 at 2.  In 2014, petitioner received a twenty-year state prison sentence for one count of kidnapping with a firearm and two counts of assault.  ECF No. 9-3 at 1.  The following year, he received a four-year prison sentence for a conviction of battery with serious bodily injury.  ECF No. 9-2 at 1.  ICE took custody of petitioner upon his release from state prison on

1

April 17, 2026.  ECF No. 9-1 at 2.  Respondents placed petitioner in removal proceedings that day.  ECF No. 9-6.

### Procedural History

On May 18, 2026, petitioner filed a counseled petition for writ of habeas corpus and a motion for a temporary restraining order.  ECF Nos. 1, 2.  Respondents filed an opposition to both on May 28, 2026. ECF No. 9.  On June 1, 2026, the court denied the motion for temporary restraining order and referred the matter to me.  ECF No. 12.  Petitioner has not filed an optional traverse, and the matter is deemed submitted.  *See* ECF No. 13.

### Legal Standard

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law.  28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### Analysis

Petitioner argues that his detention without a bond hearing violates due process.  ECF No. 1 at 6.  In analyzing petitioner's challenge to his detention, the court must first identify the statutory provision that confers authority for his detention.  *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008); *Solorzano-Ramirez v. Warden*, No. 1:26-cv-2540-DC-CSK, 2026 WL 1257256, at *2 (E.D. Cal. May 7, 2026).  Respondents argue that petitioner's detention is mandatory under 8 U.S.C. § 1226(c)(1)(B) because he has been convicted of an aggravated

2

felony, specifically battery with serious bodily injury in violation of California Penal Code section 243(d).  ECF No. 9 at 2.

Petitioner does not challenge the statutory ground for his detention.  Pursuant to section 1226(c), "detention is mandatory, and a noncitizen of the United States . . . therefore is not statutorily entitled to a bond hearing."  *Avilez v. Garland*, 69 F.4th 525, 529 (9th Cir. 2023); *see* 8 U.S.C. § 1226(c)(1); *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018).  This does not end the inquiry, however, because petitioner has raised a due process claim based on two different theories.

Petitioner argues that section 1226(c) is unconstitutional as applied to him.  ECF No. 1 at 6.  While the Supreme Court has rejected a facial challenge to mandatory detention under section 1226(c) in *Demore v. Kim*, 538 U.S. 510 (2003), an as-applied challenge is not foreclosed.  In addition, "[t]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)."  *Loba L.M. v. Andrews*, No. 1:25-cv-00611-JLT-SAB, 2025 WL 2939178, at *4 (E.D. Cal. Oct. 16, 2025), *report and recommendation adopted*, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025).  "[T]he First, Second, and Third Circuits have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention . . . under [that section].'"  *Id.* at *5 (quoting *Reid v. Donelan*, 17 F.4th 1, 7 (1st Cir. 2021); *see also Black v. Decker*, 103 F.4th 133, 138 (2d Cir. 2024); *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after *Demore* and *Jennings*, petitioners detained pursuant to § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention becomes unreasonable).

"[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'"  *Martinez v. Clark*, No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citation omitted); *see also Loba L.M.*, 2025 WL 2939178, at *5; *Solorzano-Ramirez*, 2026 WL 1257256, at *2; *Keo v. Chestnut*, No. 1:26-cv-01192-DJC-

3

CSK, 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026).  As noted in *Rakeshkumar H.P. v. Warden*, No. 1:26-cv-02869-MWJS, 2026 WL 1146201, at *1-2 (E.D. Cal. Apr. 28, 2026), "Judges have reached different conclusions about what standards ought to govern constitutional challenges of [this] sort."  *See also Keo*, 2025 WL 1029392, at *5 (collecting cases).

I find that petitioner's as-applied due process claim cannot prevail because his two-month detention has not yet become prolonged under the relevant authorities.  *Demore*, 538 U.S. at 530-531 (six-month detention under § 1226(c) "constitutionally permissible"); *Romero Mendoza*, 2026 WL 905112 (three months not prolonged).  Courts finding prolonged mandatory detention under section 1226(c) have based their findings on detention periods substantially longer than two months.  *See Pacheco v. Warden of the Cal. Det. Facility*, No. 1:26-cv-1047-DJC-CSK, 2026 WL 1067486, at *4 (E.D. Cal. Apr. 17, 2026), *findings and recommendations adopted*, 2026 WL 1169236 (E.D. Cal. Apr. 28, 2026) (one year); *Lopez v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-01525-CSK, 2026 WL 834573, at * 3 (E.D. Cal. Mar. 26, 2026) (over ten months); *Palencia v. Warden of Golden State Annex Det. Facility*, No. 1:26-cv-1058-DJC-CSK, 2026 WL 818580, at *3 (E.D. Cal. Mar. 25, 2026), *findings and recommendations adopted*, 2026 WL 939469 (E.D. Cal. Apr. 7, 2026) (over eight months); *Keo*, 2026 WL 747117, at *2 (over 37 months).

Petitioner also articulates a due process claim based upon re-detention, arguing that respondents should have given him a pre-deprivation bond hearing prior to taking him into custody after his state prison sentence.  ECF No. 1 at 8.  However, petitioner has not shown that he ever "accrued a liberty interest after being previously released by DHS or an IJ."  *See Romero Mendoza v. Warden*, No. 1:26-cv-1116-TLN-SCR, 2026 WL 905112, at *4 (E.D. Cal. Apr. 2, 2026).  Despite citing cases where noncitizens acquired a liberty interest by being released on bond, petitioner fails to show that he was ever detained by respondent and released into the community.  *See* ECF No. 1 at 9.  Without such a showing, petitioner's procedural due process claim must fail.

Accordingly, on this record, petitioner's constitutional claims cannot prevail.  I

4

recommend that his petition for writ of habeas corpus be denied.

## Conclusion

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be DENIED.

2. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    June 26, 2026    _____
                          JEREMY D. PETERSON
                          UNITED STATES MAGISTRATE JUDGE